UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC BOYER,

    Plaintiff,                                      Case No.   1:15-cv-888

v.                                                 HON. PAUL L. MALONEY

MARK PETERSEN, individually,

    Defendant.

_____

| William F. Piper (P38636) | Michael S. Bogren (P34835) |
|---|---|
| Attorney for Plaintiff | Robert A. Callahan  (P47600) |
| 1611 W. Centre Ave., Suite 209 | Attorneys for Defendants |
| Portage, Michigan   49024 | PLUNKETT COONEY |
| (269) 321-5008 | 950 Trade Centre Way, Suite 310 |
| wpiper@wpiperlaw.com | Kalamazoo, Michigan   49002 |
|  | (269-226-8822) |
|  | mbogren@plunkettcooney.com |
|  | rcallahan@plunkettcooney.com |

_____

**DEFENDANT'S TRIAL BRIEF**

**I.     INTRODUCTION**

The trial in this matter is presently scheduling to commence on January 24, 2017. The Sixth Circuit Court of Appeals has before it a motion to stay based upon this Court's denial of qualified immunity.  The remaining claims in this lawsuit are plaintiff's claims against Mark Petersen for violation of his Fourth Amendment rights to be free from an unconstitutional search, as remedied by 42 U.S.C. § 1983; and plaintiff's state law claim based upon trespass.  The lawsuit arises from an incident which occurred on August 13, 2014.

## II. FACTUAL BACKGROUND

On August 13, 2014, plaintiff was going through a divorce with his then wife, Denise Boyer. They had been married since 2006. Denise Boyer had vacated her house at 103 Wilson Street, in Vicksburg, shortly before the incident, and was staying at another house a couple of blocks away. Plaintiff was never the title owner of the house on Wilson Street. A couple of days before the incident which gives rise to this lawsuit, Denise Boyer was at her house to collect some of her personal belongings. She was being opposed by plaintiff. Accordingly, she called the Vicksburg Police Department to have an officer present. Plaintiff captured the incident on his cell phone. That video shall be played to the jury at trial. The transcript of the narrative between Denise Boyer, plaintiff, and Mark Petersen, who responded to the call, has been prepared and shall be provided to the jury for review at trial.

Throughout the interaction, Mark Petersen was extraordinarily diplomatic and calming in his approach with plaintiff. Petersen advised plaintiff that it was best to have police present when Denise Boyer came to her house. Contrary to plaintiff's version of the story, Petersen never advised plaintiff that Denise Boyer would not be let into the house. Instead, plaintiff repeatedly stated that he wanted Denise Boyer to notify him before she came to the house.

On August 13, 2014, Officer Petersen was at the front desk at the Vicksburg Police Department when Denise Boyer called and asked for police presence while she went to her house to retrieve personal property. Petersen went to the house and called for backup from the Schoolcraft Police Department to assist. Petersen went solely to act as a peacekeeper. Denise Boyer requested that Petersen accompany her into her house to

ascertain whether plaintiff was present. Petersen did this, and was in the house for a very short period of time, solely for the purpose of ascertaining plaintiff's presence. Petersen did this while serving in his capacity as a peacekeeper over a volatile situation. Petersen and Brian Campbell of the Schoolcraft Police Department then remained outside of the house until Denise Boyer left. Denise Boyer had accessed her house using her own house key.

Plaintiff claims that a few items of personal property were taken by Denise Boyer, including some personal records, some photographs of his family, and some unspecified kitchen utensils.

### III.    APPLICABLE LAW

**A.    The Fourth Amendment Issue.**

The Fourth Amendment to the United States Constitution prohibits searches which are not supported by a warrant, or which otherwise are not reasonable. One of the exceptions to the requirement that a search be based upon a warrant and probable cause is that it be conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Clemente v. Vaslo*, 679 F.3d 482, 489 (6th Cir. 2012). It is the position of defendant, Mark Petersen, that Denise Boyer had both actual and apparent authority to permit him to enter the house to conduct the limited search. *United States v. Roark*, 36 F.3d 14 (6th Cir. 1994); *Harajli v. Huron Township*, 365 F.3d 501 (6th Cir. 2004); *United States v. Morgan*, 435 F.3d 660, 664 (6th Cir. 2006); *United States v. Gillis*, 358 F.3d 386, 391 (6th Cir. 2004). The factual issue of whether Denise Boyer had actual or apparent authority to consent to Mark Petersen making that limited search is an issue for the jury to resolve.

Another issue for the jury to resolve is whether assuming a violation of plaintiff's constitutional rights occurred, Mark Petersen is entitled to qualified immunity from plaintiff's claims for damages. The jury will have to determine whether the right the plaintiff claims in this case was so clearly established that under the facts and circumstances a reasonable police officer would have known that Denise Boyer did not have actual or apparent authority to consent to the limited search of plaintiff's house.

**B.     Plaintiff's Trespass Claim.**

Pursuant to Michigan law, a plaintiff can recover for trespass to land upon proof that there was an unauthorized direct intrusion onto land over which the plaintiff had the right of exclusive possession. *Adams v. Cleveland-Cliff's Iron Co.,* 237 Mich. App. 51, 67, 602 N.W.2d 2015 (1999); *Boylan v. Fifty Eight LLC,* 289 Mich. App. 709, 723, 808 N.W.2d 277 (2010). It is defendant's position that plaintiff's trespass claim must fail because Mark Petersen's entry into the house was authorized by Denise Boyer, and plaintiff did not have the right of exclusive possession to the premises.

The jury also has to resolve the issue of Petersen's immunity defense to damages pursuant to Michigan's Governmental Immunity Act, MCL § 691.1407. Pursuant to Michigan's Governmental Immunity Act, when addressing an intentional tort such as trespass Petersen is entitled to immunity if the following apply:  1) that Petersen entered the house during the course of his employment and was acting, or believed he was acting within the scope of his authority; 2) that Petersen entered the house with good faith and without malice; and 3) that Petersen's actions were discretionary, as opposed to ministerial in nature. *Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217, 228 (2008).

## IV. PLAINTIFF'S DAMAGES

It appears plaintiff's claim for damages revolve around his allegations that small amounts of his own personal property were taken by his soon-to-be ex-wife. It is submitted that there is no causal relationship between the search and any subsequent removal of some items of personal property. Although plaintiff may allege he has experienced mental and emotional distress, there was no treatment or care for this, and it is highly doubtful that Petersen's entry into the house, by itself, caused any amount of emotional distress.

It appears that plaintiff is proceeding on damages in the hope that he can obtain an award of punitive damages. Punitive damages are not available in Michigan, unless otherwise permitted by statute. Punitive damages are available in a claim premised upon 42 U.S.C. § 1983, but only when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The purpose of an award of punitive damages "is to punish the defendant for his wilful or malicious conduct **and** to detour others from similar behavior." *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 n. 9 (1986) (emphasis added). Punitive damages may be awarded "only on a showing of the requisite intent" of defendant Petersen. *Id.*, at 306 n.9.

## V. EVIDENTIARY ISSUES

It is anticipated that in his attempt to pursue punitive damages, and to rile up the jury, plaintiff will proceed upon the theory that he was being retaliated against by Petersen because of actions plaintiff took while he was a councilmember on the Vicksburg Village Council between 2011-2014. Plaintiff has taken this position at various points during this

lawsuit. It is anticipated that plaintiff will attempt to assert that the Vicksburg Police Department attempted to retaliate against him and harassed him because of actions he took. If plaintiff attempts to proceed down this path, he opens the door to problems he experienced with the law at all times, including prior to 2011. This Court has directed plaintiff's counsel to file a Motion in Limine on this issue, and the use of evidence regarding prior problems plaintiff experienced with the law prior to August 13, 2014.

                                    Respectfully submitted,

Dated: January 5, 2017                PLUNKETT COONEY

                                    By: /s/ Robert A. Callahan
                                          Robert A. Callahan (P47600)
                                          Attorney for Defendant

                                    BUSINESS ADDRESS:
                                    950 Trade Centre Way, Suite 310
                                    Kalamazoo, MI  49002
                                    **Direct Dial:  269/226-8856**

Open.00560.52815.17893881-1